# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2031

_____

United States of America

*Plaintiff - Appellee*

v.

Michael D. Toal

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 22, 2012
Filed: December 3, 2012
[Unpublished]

_____

Before MURPHY, ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

Michael D. Toal directly appeals after he pled guilty to production of child pornography in violation of 18 U.S.C. § 2251(a) and the district court[1] sentenced him

---

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Judge for the Western District of Missouri.

to 300 months in prison and 15 years of supervised release. Toal's counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), raising numerous issues on Toal's behalf. Toal has filed a supplemental brief raising essentially the same issues.

Toal pled guilty pursuant to a written plea agreement containing a waiver of his right to appeal his sentence, directly or collaterally, except for claims of ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence. We note that an ineffective-assistance claim asserted on appeal is not barred by the appeal waiver, but we decline to consider it on direct appeal. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claims to 28 U.S.C. § 2255 proceedings). As to the remaining issues asserted on appeal, we conclude that the appeal waiver is enforceable. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers).

Finally, having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we decline to consider Toal's ineffective-assistance claim on direct appeal, we dismiss the appeal based on the appeal waiver, and we grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____